UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

EUREKA DIVISION

| | |
|---|---|
| CHRISTIAN LUIZ,<br><br>　　　　　　　Petitioner,<br><br>　　v.<br><br>NORTHERN CIRCLE INDIAN HOUSING AUTHORITY, et al.,<br><br>　　　　　　　Respondents. | Case No. 18-cv-04712-RMI<br><br>**ORDER GRANTING MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION**<br><br>Re: Dkt. No. 8 |

　　　　This is a petition for writ of habeas corpus, filed on August 6, 2018. (Doc. 1.) Respondents have moved to dismiss the action pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) for lack of subject matter jurisdiction and failure to state a claim on which relief can be granted. (Doc. 8.) Petitioner opposes the motion. (Doc. 12.) For the reasons explained below, the court will grant Respondents' motion.

**FACTUAL BACKGROUND AS ALLEGED IN PETITION**

　　　　In his petition, Petitioner states that he is challenging the denial of worker's compensation benefits by the Northern Circle Indian Housing Authority ("NCIHA") and AMERIND Risk Tribal WC Program ("AMERIND"), as administered by the Berkeley Risk Administrators. Petitioner further alleges the following: NCIHA is a tribal housing authority on Indian land in Ukiah, California, which provides assistance for native Americans in Northern California; AMERIND is a federally chartered corporation providing worker's compensation; through contract, AMERIND provides worker's compensation for NCIHA through the AMERIND Tribal Worker's Compensation Program; Petitioner's claim is administered by Berkeley Risk Administration in Scottsdale, Arizona.

Petitioner was a non-native employee of NCIHA, where he worked as an IT professional for eighteen years before his claimed injury. On January 22, 2018, and on February 14, 2018, Petitioner filed a claim for worker's compensation benefits with NCIHA for an injury to his neck and shoulder. The January 22, 2018 claim was denied on March 28, 2018, by Berkeley Risk Administrators as falling outside the coverage plan because the plan does not insure "idiopathic injuries arising from an obscure cause or unknown cause." The February 14, 2018, claim has not been addressed.

## DISCUSSION

Respondents move to dismiss this action pursuant to Fed. R. Civ. P. 12(b)(1) on the ground that the court lacks subject matter jurisdiction based on tribal sovereign immunity.

"Tribal sovereign immunity is a matter of subject matter jurisdiction, which may be challenged by a motion to dismiss under Fed. R. Civ. P. 12(b)(1)." *Miner Elec., Inc. v. Muscogee (Creek) Nation*, 505 F.3d 1007, 1009 (10th Cir. 2007) (quoting *E.F.W. v. St Stephen's Indian High Sch.*, 264 F.3d 1297, 1302-03 (10th Cir. 2001)). As a court of limited jurisdiction, the federal courts are presumed to lack subject matter jurisdiction unless the party asserting jurisdiction establishes otherwise. *Kokkonen v. Guardian Life Ins. Co. of America.*, 511 U.S. 375, 377 (1994). When a defendant moves to dismiss a case for lack of subject matter jurisdiction, the plaintiff has the burden of providing by a preponderance of the evidence that the court possesses jurisdiction. *Leite v. Crane Co.*, 749 F.3d 1117, 1121 (9th Cir. 2014).

Generally, a federal court lacks subject mater jurisdiction over an Indian tribe because of tribal sovereign immunity. *Alvarado v. Table Mountain Rancheria*, 509 F.3d 1008, 1015-16 (9th Cir. 2007). A tribe's sovereign immunity will extend to both tribal governing bodies and tribal agencies which act as arms of the tribe. *Allen v. Gold County Casino*, 464 F.3d 1044, 1046 (9th Cir. 2006) (tribal casino held entitled to sovereign immunity). "It extends to agencies and subdivisions of the tribe, and has generally been held to apply to housing authorities formed by tribes." *Marceau v. Blackfeet Hous. Auth.*, 455 F.3d 974, 978 (9th Cir. 2006) (vacated in part on other grounds). Thus, "[s]uits against Indian tribes are . . . barred by sovereign immunity absent a clear waiver by the tribe or congressional abrogation." *Oklahoma Tax Comm'n v. Citizen*

*Band Potawatomi Indian Tribe of Oklahoma*, 498 U.S. 505, 509 (1991).

Petitioner provides no basis for federal subject matter jurisdiction over this action in his petition. To the contrary, he admits in his petition that NCIHA and its insurer AMERIND enjoy sovereign immunity. (Doc. 1, 1:23-26; 3:2-3.)

Petitioner claims a violation of the Indian Civil Rights Act ("ICRA"), 25 U.S.C. §1303, on the ground that he was not fully informed of his rights, duties, and obligations before his claim was denied by the claims administrator and a final order issued by a hearing examiner denying his benefits. (Doc. 1, 4:13-15.) The ICRA does not establish or imply a federal civil cause of action except that it provides for a petition for writ of habeas corpus. *See Snow v. Quinault Indian Nation*, 709 F.2d 1319, 1323 (9th Cir. 1983); *Pink v. Modoc Indian Health Project*, 157 F.3d 1185, 1189 (9th Cir. 1998). Section 1303 provides that the "privilege of the writ of habeas corpus shall be available to any person, in a court of the United States, to test the legality of his detention by order of an Indian tribe." "The term 'detention' in the statute must be interpreted similarly to the 'in custody' requirement in other habeas contexts." *Jeffredo v. Macarro*, 599 F.3d 913, 918 (9th Cir. 2010). However, "[a]t the time Congress enacted the ICRA, 'detention' was generally understood to having a meaning distinct from and, indeed, narrower than 'custody.'" *Tavares v. Whitehouse*, 851 F.3d 863, 871 (9th Cir. 2017). "Specifically, 'detention' was commonly defined to require physical confinement." *Id*.

In this case, Petitioner does not allege that he was ever in tribal custody or was detained by the tribe in any way. Thus, the court finds as a matter of law that Petitioner cannot state a claim under the ICRA and his reference to the ICRA provides no basis for federal subject matter jurisdiction. *See* 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.").

Under the heading "Venue" in his opposition to Respondents' motion to dismiss, Petitioner asserts that "28 U.S.C. 1391(a) and (b) provide [that] the Ninth Circuit District Court in San Francisco has jurisdiction to hear Mr. Luiz's petition objecting to the final order issuing on June

11, 2018."[1] (Doc. 12, 3:13-15.) However, the statute cited by Petitioner, 28 U.S.C. § 1391, concerns venue and thus provides no basis for jurisdiction over this action.

In opposing the motion to dismiss, Petitioner provides the court with no other basis for subject matter jurisdiction, apart from asserting that no other avenue for relief exists. The purported lack of another forum with jurisdiction over Petitioner's challenge to the decision of the tribal hearing officer does not create jurisdiction in this court.

## CONCLUSION

Based on the foregoing, Respondents' motion to dismiss is GRANTED and this case is dismissed for lack of subject matter jurisdiction. Petitioner's motion to amend his petition (Doc. 7) is DENIED for lack of subject matter jurisdiction.[2]

A separate judgment will issue.

**IT IS SO ORDERED.**

Dated: October 30, 2018

ROBERT M. ILLMAN
United States Magistrate Judge

---

[1] This court is the United States District Court for the Northern District of California.

[2] The court has reviewed the motion to amend and has determined that it does not cure the lack of subject matter jurisdiction. In the motion to amend, Petitioner seeks to do the following: amend the factual allegations in his petition to remove any reference to a deferred ADA complaint; and amend the petition to include an assertion that the findings and order issued by Christie Ahern are not supported by the facts. The proposed amendments to the petition do not provide this court with a basis for subject matter jurisdiction.

4